# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DEBORAH BOLEN,**
**Claimant Below, Petitioner**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-1055** (BOR Appeal No. 2054294)
(Claim No. 2018018417)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deborah Bolen, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Raleigh County Board of Education, by Counsel Steven K. Wellman and Kevin C. Kidd, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator rejected the addition of L1-2 intervertebral disc syndrome to the claim on December 17, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its June 3, 2019, Order. The Order was affirmed by the Board of Review on October 18, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bolen, a teacher's aide, injured her lumbar spine in the course of her employment on February 1, 2018, when she was attacked by a student. Ms. Bolen had a history of lumbar spine injuries and condition. On March 17, 2015, a lumbar MRI showed bulging and protrusion at L4-5 with encroachment on the left lateral recess and possible nerve root impingement, mild bulging at L5-S1, and mild encroachment at L2-3 due to disc bulging and osteophytes. On March 9, 2015, Ms. Bolen sustained a work-related lumbar sprain. Ms. Bolen underwent a lower extremity EMG that showed mild evidence of left S1 radiculopathy on April 28, 2015. On May 5, 2015, Jerry Scott, M.D., performed an independent medical evaluation for the March 9, 2015, injury in which he concluded that Ms. Bolen had 6% lumbar impairment.

1

The Employees' and Physicians' Report of Injury for the injury at issue was completed on February 2, 2018. The physician's section was completed by Rocky Sexton, M.D., who diagnosed lumbar sprain/strain. The claim was held compensable for lumbar sprain on March 1, 2018. An April 23, 2018, lumbar MRI showed a left disc herniation at L1-2, left neuroforaminal compromise at L3-4 and L4-5, osteoarthritic vertebral body lipping, facet hyperostosis, and multilevel disc degeneration. Dr. Sexton completed a Diagnosis Update on April 25, 2018, requesting the addition of lumbar intervertebral disc syndrome at L1-2 to the claim.

On September 27, 2018, Syam Stoll, M.D., performed an independent medical evaluation in which he assessed 4% lumbar spine impairment. He also reviewed the June 8, 2018, MRI and compared it to the prior March 17, 2015, MRI. He opined that the most recent MRI showed a natural progression of preexisting lumbar spondylosis. The claims administrator denied the addition of lumbar intervertebral disc syndrome at L1-2 to the claim on December 17, 2018.

Dr. Sexton submitted a second Diagnosis Update on January 2, 2019, requesting the addition of L1-2 lumbar intervertebral disc syndrome to the claim. In support, he attached a copy of the June 8, 2018, MRI. In a January 14, 2019, letter, Dr. Sexton opined that Ms. Bolen sustained a lumbar disc injury as a result of her compensable March 9, 2015, and February 1, 2018, injuries. He further opined that the most recent MRI shows a new injury which resulted in an L1-2 disc herniation.

In a January 17, 2019, addendum to his report, Dr. Stoll opined that Ms. Bolen's MRIs show that she had extensive preexisting lumbar spondylosis. The condition naturally progressed. Dr. Stoll further stated that Ms. Bolen's L1-2 disc was not symptomatic. Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 9, 2019, in which he assessed 4% impairment due to the compensable injury. Ms. Bolen had previously received a 6% permanent partial disability award and was therefore fully compensated for her lumbar impairment. Dr. Mukkamala opined that lumbar intervertebral disc syndrome should not be added to the claim because the condition preexisted the compensable injury and was naturally occurring.

The Office of Judges affirmed the claims administrator's denial of the addition of L1-2 intervertebral disc syndrome to the claim on June 3, 2019. It found that Ms. Bolen underwent two MRIs, one before the compensable injury and one after. The MRIs showed that a herniated disc developed in the three years between the MRIs, as noted by Dr. Sexton. Dr. Sexton opined that the herniated disc was related to the compensable injury. The Office of Judges found that Dr. Sexton failed to explain how the compensable injury caused the herniated disc. He opined that the herniated disc must be related to the compensable injury because it was not present in the prior MRI. The Office of Judges found Dr. Stoll's opinion to be more persuasive. Dr. Stoll opined that the disc herniation was the result of natural aging and preexisting lumbar spondylosis. His opinion was supported by Dr. Mukkamala. The Office of Judges determined that Dr. Sexton failed to address the preexisting degenerative condition. The Office of Judges stated that the claimant has the burden of proof in a workers' compensation claim. Ms. Bolen failed to submit sufficient evidence refuting the contention that her lumbar intervertebral disc syndrome at L1-2 is the result of preexisting degenerative conditions. The Office of Judges concluded that the opinions of Drs.

Stoll and Mukkamala were more persuasive than that of Dr. Sexton. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 18, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates Ms. Bolen did not develop intervertebral disc syndrome at L1-2 in the course of and resulting from her employment. The condition is instead the result of noncompensable, preexisting degenerative changes.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3